UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WOODS,<br><br>　　　　　Defendant. | Case No. 17-cv-02688-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Ronnie Lee Moody, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that a police officer used excessive force during his arrest. He seeks money damages. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

Plaintiff was arrested on February 7, 2015, after stealing a car, attempting to rob a tourist and causing a hit and run accident. *People v. Moody*, No. A145921, 2017 WL 2591278, at *1 (Cal. Ct. App. June 15, 2017) He was convicted of these crimes and two counts of resisting a police officer, resisting an executive officer and the attempted taking of a firearm while resisting a police officer. *Id*. at *2.

Plaintiff alleges that one of the officers used his metal baton striking plaintiff during the incident. However, plaintiff was found guilty of resisting the police officer and attempting to take his gun. Proceeding with this civil rights case would call into question the underlying criminal conviction. Plaintiff can only proceed with this action if the conviction has been reversed or

2

expunged. The complaint is dismissed with leave to amend to show that his conviction is no longer valid.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

**IT IS SO ORDERED.**

Dated: October 12, 2017

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE LEE MOODY,<br><br>    Plaintiff,<br><br>v.<br><br>WOODS,<br><br>    Defendant. | Case No. 17-cv-02688-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnie Lee Moody ID: Prisoner  AX4388
R.J.D. Correctional Facility C-14-103up
480 Alta Road
San Diego, CA 92179

Dated: October 12, 2017

                                              Susan Y. Soong
                                              Clerk, United States District Court

                                              By: *[signature]*
                                              LISA R. CLARK, Deputy Clerk to the
                                              Honorable JAMES DONATO